David M. Cohen, Esq. (SBN: 160535)
   dcohen@linerlaw.com
J. Rudy Freeman, Esq. (SBN: 188032)
   rfreeman@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Movant
SWC 800 Wilshire, LLC, a California Limited Liability Company

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>800 WILSHIRE GROUP, LLC, a California Limited Liability Company<br><br>               Debtor. | Case No. 2:10-bk-14457-AA<br><br>Chapter 11<br><br>SWC 800 WILSHIRE LLC'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (UNLAWFUL DETAINER); DECLARATION OF J. RUDY FREEMAN IN SUPPORT THEREOF<br><br>Date: March 17, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 1375 |

I.

### INTRODUCTION

The 800 Wilshire Group LLC's (the "Debtor") opposition [Docket No. 30] to SWC 800 Wilshire, LLC's ("SWC 800") Motion For Relief From the Automatic Stay (Unlawful Detainer) (the "Motion") [Docket No. 25], is completely baseless and without merit. Simply put, nothing in the Debtor's opposition to the Motion raises a viable legal claim to a right of possession for Suites 102 and 103 located at 800 Wilshire Boulevard, Los Angeles, California 90017 (the "Premises"), or explains the legal basis for why SWC 800 should be enjoined from evicting the non-debtor affiliate and regaining possession.

To be clear, the Motion was filed out of an abundance of caution by SWC 800 to receive a determination from this Court that the Premises are _not_ assets of the Debtor's estate and therefore the automatic stay does not apply. Notwithstanding the Debtor's contention in its opposition to the Motion that the Premises are required in order to have an effective reorganization of the estate and a feasible plan for repaying creditors, the undisputed facts remain that:

1.  On February 8, 2010, SWC 800 filed an unlawful detainer action against <u>a non-debtor affiliate</u>, Provecho, L.P., a California limited partnership ("Provecho" or "Tenant"), to repossess the Premises as a result of Tenant's failure to pay rent. The original lease agreement was entered into between SWC 800 and the Debtor in July 2007, and was subsequently amended, in July 2009 and then February 2010, both times naming Provecho as the Tenant (collectively the "Lease Agreement") at the <u>express written request</u> of the Debtor. A copy of the Lease Agreement and the amendments thereto are attached as Exhibits "A-C" to the Motion. A copy of the express written request from the Debtor to SWC 800 requesting that Provecho be named as tenant under the Lease Agreement is attached to the Motion as Exhibit "D".

2.  Provecho is an active limited partnership entity formed under the laws of the state of California, the <u>only</u> party to the Lease Agreement for the Premises at the time of the bankruptcy filing and therefore the only party entitled to possession of the Premises.

3.  After initiating the unlawful detainer action against Tenant, a copy of which is attached as Exhibit "F" to the Motion, the Debtor's counsel wrote (via Fax) to tell counsel for SWC 800 that if it proceeded with its eviction efforts it risked violating the automatic stay if it failed to seek relief from stay arising from the Debtor's bankruptcy court filing, necessitating the Motion. Attached as Exhibit "A" hereto is a true and correct copy of a "Cease and Desist" Letter faxed to SWC 800's counsel on February 25, 2010.

4.  The Debtor's counsel has _not_ filed a Motion to Assume or Reject the Lease Agreement, nor listed the Lease Agreement as an asset of the estate, yet seeks to summarily enjoin SWC 800's right to repossess the Premises by claiming an illusory right to possession and the protection afforded by the automatic stay.

Accordingly, for all of the foregoing reasons and those set forth below, the Court should enter an order determining that the Premises are not an asset of the Debtor's estate and therefore that SWC 800 may continue with its eviction and repossession of the Premises without running afoul of the automatic stay.

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

## II.

## FACTUAL BACKGROUND

SWC 800 entered into the original lease agreement with the Debtor on July 11, 2007. The Debtor was listed as the tenant pursuant to that Lease Agreement. Subsequently, the Debtor contacted SWC 800 to inform it that among other things, the Lease Agreement needed to be amended to name its affiliate, Provecho L.P. as the tenant of record and removing Debtor from the Lease. On June 11, 2008 the agreement was amended at the request of the Debtor. Per the Debtor's request, the first amendment did not name the Debtor as an additional party to the Lease Agreement. Thereafter, Tenant and SWC 800 entered into a second amendment of the Lease Agreement on February 25, 2009. Tenant and SWC 800 are the only parties to the second amendment of the Lease Agreement. (Freeman Declaration ¶ 2).

Debtor filed its bankruptcy on February 8, 2010. Debtor did not list the Lease Agreement as an asset of the estate, nor did Debtor file a motion to assume or reject the Lease Agreement. After sending Tenant a five day notice to pay or vacate the Premises on January 27, 2010, SWC 800 initiated the unlawful detainer action against Tenant on February 8, 2010 (before the petition herein was filed). A prejudgment claim of right to possession was served with the complaint. Had Debtor truly believed it had a right to possession, it would have filed the claim. It did not. (Freeman Declaration ¶ 3).

On February 19, 2010 a default judgment was sought against Tenant in the unlawful detainer action. Thereafter, on February 25, 2010 Debtor filed a Notice of Stayed proceedings in the state court unlawful detainer action to prevent the writ of possession from issuing, asserting that the proceedings must be stayed because the action "directly affects 800 Wilshire Group, LLC, currently in bankruptcy." A true and correct copy of the Notice of Stay Proceedings is attached hereto as Exhibit "B." (Freeman Declaration ¶ 4).

Although Debtor does not assert that the Lease Agreement is property of the estate, it does make the meritless assertion that "[t]he Property is necessary for the effective reorganization of the Debtor . . . [and] . . . if relief from stay is granted, the Debtor cannot reorganize and the creditors will see little or no payment." (Decl. of Marc Weitz in Support of Debtor's Opposition at ¶ 6). (Freeman Declaration ¶ 5).

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

## III.

## **LEGAL ARGUMENT**

The Debtor does not contend that it has a contractual or legal right to possession of the Premises nor does the Debtor contend in its opposition that the Premises are an asset of the estate. Rather, the Debtor's opposition and supporting declaration of Marc Weitz are riddled with conjecture unsupported by any legal authority whatsoever.

It is well settled that a bankruptcy stay only applies to actions against the debtor or the debtor's property. *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A.* 10 B.R. 488, 490 (Bankr. N.C.Ill 1981)(§ 362 makes it clear that stay applies to debtor only). Actions against entities closely related to the debtor such as its principals, guarantors or co-obligors, are not stayed. *See In Re Philadelphia Gold Corp.* 56 B.R. 87, 90 (Bankr.E.D.Pa.1985); *Royal Truck & Trailer, supra,* 10 B.R. at 491. For example, the bankruptcy of a partnership does not stay proceedings against the individual partners. *Teacher's Ins. & Annuity Ass'n of America v. Butler,* 803 F.2d 61, 65 (2nd Cir. 1986); *In Re The Bank Center, Ltd.* 15 B.R. 64, 65 (Bankr. W.D. Pa. 1981).

Here, the dispute regarding unpaid rents for the Premises and breach of the Lease Agreement is between the landlord SWC 800 and non-debtor affiliate Provecho, the Tenant. Accordingly, SWC 800 respectfully requests relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(2)(a) in order to prevent further damage from occurring for lost rents and expenses associated with the Tenant's obligations under the Lease Agreement. More specifically, SWC 800 is seeking a determination that the Lease Agreement is not an asset of the estate and confirming that the stay does not apply, or in the alternative termination of the stay to allow SWC 800 to proceed under applicable state law to enforce its remedies to obtain possession of the Premises.

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

0038020/415/ 457841v01

## IV.

## CONCLUSION

For the foregoing reasons, SWC 800 requests that the Court enter and Order granting its Motion or make a determination that the Lease Agreement is not an asset of the estate and confirming that the stay does not apply.

Dated: March 12, 2010

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP


By:  /s/ J. Rudy Freeman
J. Rudy Freeman
Attorneys for SWC 800 Wilshire Group, LLC

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

0038020/415/ 457841v01

## DECLARATION OF J. RUDY FREEMAN

1. I am an attorney licensed to practice in the State of California and admitted before the bar of this Court. I am a member of the law firm of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, attorneys of record for SWC 800 Wilshire, LLC ("SWC 800") SWC 800 Wilshire, LLC v. Provecho, L.P. Los Angeles County Superior Court Case Number BC 431352 (the "Provecho Action"). As such. I have personal knowledge of the facts set forth below and if called as a witness, I could and would testify competently thereto.

2. SWC 800 entered into the original lease agreement with the Debtor on July 11, 2007. The Debtor was listed as the tenant pursuant to that Lease Agreement. Subsequently, the Debtor contacted SWC 800 to inform it that among other things, the Lease Agreement needed to be amended to name its affiliate, Provecho L.P. as the tenant of record and removing Debtor from the Lease. On June 11, 2008 the agreement was amended at the request of the Debtor. Per the Debtor's request, the first amendment did not name the Debtor as an additional party to the Lease Agreement. Thereafter, Tenant and SWC 800 entered into a second amendment of the Lease Agreement on February 25, 2009. Tenant and SWC 800 are the only parties to the second amendment of the Lease Agreement.

3. Debtor filed its bankruptcy on February 8, 2010. Debtor did not list the Lease Agreement as an asset of the estate, nor did Debtor file a motion to assume or reject the Lease Agreement. After sending Tenant a five day notice to pay or vacate the Premises on January 27, 2010, SWC 800 initiated the unlawful detainer action against Tenant on February 8, 2010. A prejudgment claim of right to possession was served with the complaint. Had Debtor truly believed it had a right to possession, it would have filed the claim. It did not.

4. On February 19, 2010 a default judgment was sought against Tenant in the unlawful detainer action. Thereafter, on February 25, 2010 Debtor filed a Notice of Stayed proceedings in the state court unlawful detainer action to prevent the writ of possession from issuing, asserting that the proceedings must be stayed because the action "directly affects 800 Wilshire Group, LLC, currently in bankruptcy." A true and correct copy of the Notice of Stay Proceedings is attached hereto as Exhibit "B."

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1     5.    Although Debtor does not assert that the Lease Agreement is property of the estate, it does make the make the meritless assertion that "[t]he Property is necessary for the effective reorganization of the Debtor . . . [and] . . . if relief from stay is granted, the the Debtor cannot reorganize and the creditors will see little or no payment." (Decl. of Marc Weitz in Support of Debtor's Opposition at ¶ 6).

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed this 12th day of March 2010 at Los Angeles, California.

By:    */s/ J. Rudy Freeman*
    J. Rudy Freeman

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

0038020/415/ 457841v01

# EXHIBIT A

Marc Weitz, Esq.
Attorney at Law
633 West 5th Street, Suite 2800
Los Angeles, CA 90071
Phone: (213) 223-2350
Fax: (213) 784-5407
marcweitz@weitzlegal.com

---

BY FAX

February 25, 2010

David M. Cohen, Esq.
Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Fax: (310) 500-3501

CEASE & DESIST

Re: Provecho, LP & 800 Wilshire Group, LLC

Dear Mr. Cohen:

800 Wilshire Group, LLC is currently in bankruptcy (Case No. 2:10-bk-14457). As such, your unlawful detainer action (Case NO. BC431352) is in violation of the automatic stay (11 USC § 362). 800 Wilshire Group, LLC is the tenant occupying the space at 800 Wilshire Blvd, suites 102 & 103, that is the subject of BC431352, not Provecho, LP. Further, 800 Wilshire Group, LLC is the tenant per the original lease.

Please cease & desist from your state court action for unlawful detainer. Otherwise a Motion for Violation of the Automatic Stay will be filed in the bankruptcy court seeking sanctions for attorney's fees and costs.

Please contact me with any questions.

Sincerely,

Marc Weitz, Esq.
Attorney for 800 Wilshire Group, LLC

1

# EXHIBIT B

//0v0

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Marc Weitz (SBN 242830)<br>633 West 5th Street, Ste 2800<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 223-2350    FAX NO. (Optional): (213) 784-5407<br>E-MAIL ADDRESS (Optional): marcweitz@weitzlegal.com<br>ATTORNEY FOR (Name): 800 Wilshire Group, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central Courthouse

PLAINTIFF/PETITIONER: SWC 800 Wilshire, LLC

DEFENDANT/RESPONDENT: Provecho, LP

**NOTICE OF STAY OF PROCEEDINGS**

CASE NUMBER: BC431352
JUDGE:
DEPT.: 25

**To the court and to all parties:**

1. Declarant (name): Marc Weitz

   a. ☐ is ☐ the party   ☐ the attorney for the party who requested or caused the stay.

   b. ☑ is ☐ the plaintiff or petitioner  ☑ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☑ With regard to all parties.

   b. ☐ With regard to the following parties (specify by name and party designation):

3. Reason for the stay:

   a. ☑ Automatic stay caused by a filing in another court. (Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)

   b. ☐ Order of a federal court or of a higher California court. (Attach a copy of the court order.)

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. (Attach a copy of the order directing arbitration.)

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. (Attach a copy of the client's request for arbitration showing filing and service.)

   e. ☑ Other: This action directly affects 800 Wilshire Group, LLC, currently in bankruptcy

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/25/2010

Marc Weitz
(TYPE OR PRINT NAME OF DECLARANT)    ▶ _(signature)_
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Page 1 of 1
Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| In re:<br>800 Wilshire Group, LLC | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-14457-AA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1100 Glendon Ave., 14th Floor, Los Angeles, California 90024

A true and correct copy of the foregoing document described as <u>SWC 800 WILSHIRE LLC'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (UNLAWFUL DETAINER); DECLARATION OF J. RUDY FREEMAN IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 12, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On March 12, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/12/2010 | Cassandra Jacobo | /s/ Cassandra Jacobo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | | CHAPTER: 11 |
|---|---|---|
| 800 Wilshire Group, LLC | | |
| | Debtor(s). | CASE NUMBER: 2:10-bk-14457-AA |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Dare Law          dare.law@usdoj.gov
J Alexandra Rhim  arhim@buchalter.com, smartin@buchalter.com
Marc Weitz        marcweitz@weitzlegal.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov


**II. SERVED BY OVERNIGHT MAIL:**

*Debtor*
800 Wilshire Group, LLC
800 Wilshire Blvd, Suite 640
Los Angeles, CA 90017

Honorable Alan Ahart
Los Angeles Division
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1